**Joy HALL, Plaintiff-Appellee,**

v.

**LEDEX, INC., Defendant-Appellant.**

No. 80–3588.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 16, 1981.
Decided Jan. 15, 1982.

David L. Hall, Slicer, Hall & Slicer, Dayton, Ohio, for defendant-appellant.

W. Joseph Dehner, Jr., Cincinnati, Ohio, for plaintiff-appellee.

Before EDWARDS, Chief Judge, and MERRITT and MARTIN, Circuit Judges.

BOYCE F. MARTIN, Jr., Circuit Judge.

Ledex appeals an adverse judgment for sex discrimination in employment, in violation of Title VII of the Civil Rights Act of 1964, and the Equal Pay Act of 1975. Joy Hall has worked for Ledex as a Senior Office Clerk since 1969. In April, 1974, Hall was promoted to her former supervisor's job, and was given the title "Expeditor." Hall's immediate predecessor, Richard Habermehl, held the job under the title "Production Control Coordinator." When Habermehl resigned, Ledex reclassified the job and offered it to Hall at a salary two-thirds lower than the salary Habermehl had received.

Habermehl trained Hall to succeed him for two weeks before he departed. Although Ledex did not give Hall a written job description, its Personnel Director testified that Hall assumed all of Habermehl's duties, and that later she assumed additional duties. Despite evidence Ledex collected indicating that Expeditors in the Wilming-ton area received greater salaries than Production Control Coordinators, Ledex paid Hall less than Habermehl.

Hall sued Ledex for sex discrimination. After a trial, the Magistrate found that the jobs held by Hall and her predecessor required equal skill, effort, and responsibility. He also found that Ledex consciously decided to pay Hall less for the same work a man had previously performed. The Magistrate concluded that Hall established a prima facie case of discrimination, and that Ledex failed to justify its actions. The Magistrate rejected Ledex' statute of limitations defense, finding that the violation continued, and discrimination occurred with each paycheck Hall received.

The District Court reviewed and accepted the Magistrate's findings and conclusions. Ledex was ordered to adjust Hall's rate grade and pay range, and to pay Hall back wages dating from April, 1974. The court also awarded Hall attorneys' fees.

On appeal, Ledex contends that Hall's action is barred by the statute of limitations specified in 42 U.S.C. § 2000e–5(e), which requires a party to file charges within 180 days of the date discrimination occurred. If a party resides in a deferral state, such as Ohio, charges must be filed within 300 days. Ledex argues that Hall's claim is untimely because it was not filed until 330 days after she was promoted.

We disagree. The record shows that the discriminatory acts Hall complains of occurred well within 300 days of May 9, 1975, the EEOC filing date. Hall was assigned additional duties in September, 1974, without a pay increase. Ledex re-evaluated her pay-grade twice, and did not inform Hall until September, 1974 that she would continue to receive a lower salary than her predecessor had received.

Furthermore, the discrimination was continuing in nature. Hall suffered a denial of equal pay with each check she received. *Satz v. I.T.T. Financial Corp.*, 619 F.2d 738 (8th Cir. 1980); *Laffey v. Northwest Airlines, Inc.*, 567 F.2d 429 (D.C.Cir.1976), *cert. denied*, 434 U.S. 1086, 98 S.Ct. 1281, 55

L.Ed.2d 792 (1978); *Hodgson v. Square D Co.*, 459 F.2d 805 (6th Cir.), *cert. denied*, 409 U.S. 967, 93 S.Ct. 293, 34 L.Ed.2d 232 (1972). *See also Roberts v. North American Rockwell Corp.*, 650 F.2d 823 (6th Cir. 1981).

■ *Mohasco Co. v. Silver*, 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980), and other cases Ledex cites are inapposite. As an initial matter, we agree with the Ninth Circuit that *Mohasco* should not apply retroactively. *Wiltshire v. Standard Oil of California*, 652 F.2d 837 (1981). In all those cases Ledex relies on, discharged employees waited too long after discriminatory terminations to complain. Similarly, in *Ricks v. Delaware State College*, 605 F.2d 710 (3d Cir. 1979), *reversed*, 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980), the discriminatory act which triggered the statute was a decision to deny tenure, and therefore terminate employment. For these reasons, we reject Ledex' first contention.

■ More problematic is Ledex' second contention that the District Court erroneously required Ledex to "establish" that its reasons for reclassifying the position were not pretextual. Hall presented a prima facie case by showing that she was a member of the class entitled to Title VII protection, and that she was treated differently than Habermehl was, an otherwise similarly situated person not a member of the class. *Potter v. Goodwill Ind. of Cleveland*, 518 F.2d 864 (6th Cir. 1975). Having established a prima facie case, the burden then shifted to Ledex to "articulate some legitimate, non-discriminatory reason" for the disparate treatment. *Grano v. Dept. of Dev. of the City of Columbus*, 637 F.2d 1073, 1080 (6th Cir. 1980).

■ Reviewing the record, we must conclude that Ledex met this burden. Ledex stated that it reclassified the position to a lower grade and pay rate because it removed fabrication operations from Wilmington, eliminated master scheduling, along with raw material receiving and accounting, and reduced the facility's workload by 40% or 50%.

We think the District Court erred in requiring Ledex to "establish" that its reasons were not pretextual. To establish something is to prove it, not merely to articulate it. This burden must be borne by the plaintiff, not the defendant, in a Title VII suit. *Grano v. Dept. of Dev. of the City of Columbus, supra.* However, the error in this case was purely linguistic, and in our view, harmless. The Magistrate went on to conclude that Hall had in fact proven that Ledex' reasons were pretextual, and that Ledex consciously chose to pay her less because of her sex. The Magistrate, despite unfortunate language intimating that Ledex must disprove allegations of intentional discrimination, ultimately held that Hall had in fact proven intentional discrimination.

In our view, the court's finding that Ledex "consciously intended" to pay a woman less than a man, is not clearly erroneous. Mr. Thomas, the Ledex official who offered Hall the job, knew that Habermehl was the chief breadwinner for his family of nine. He also knew that Hall had no children. The evidence shows that Habermehl himself trained Hall to replace him in his job, and that her duties were substantially identical to, and ultimately greater than his. Despite a survey showing that Wilmington Area Expeditors were paid more than Production Control Supervisors, Ledex paid Hall less as an Expeditor. In light of this evidence, we cannot set aside the court's findings.

Finally, we reject Ledex' contention that the Equal Pay Act claim was dismissed, and that therefore an award of damages on this count was improper. The record reveals that Hall originally pressed two theories to support an Equal Pay Act violation, and that only her second theory of liability was rejected because she could not prove that the Piqua plant was the "same establishment" as the Wilmington plant for purposes of comparison. The Magistrate made distinct findings and conclusions on Hall's first Equal Pay Act theory, and found that Ledex violated the Act by paying her less than her male predecessor for the same work. The record refutes the suggestion that this claim was dismissed.

Accordingly, we affirm the judgment of the District Court.