**Delores STANLEY, Plaintiff,**

v.

**The LAWSON COMPANY, Defendant.**

No. 4:93 CV 0196.

United States District Court,
N.D. Ohio,
Eastern Division.

Feb. 26, 1997.

Patrick J. Perotti, Dworken & Bernstein, Painesville, OH, Benjamin W. Bull, Scottsdale, AZ, for Delores Stanley.

Amie L. Bruggeman, Gary W. Spring, Roetzel & Andress, Akron, OH, for Dairy Mart Convenience Stores.

Amie L. Bruggeman, Gary W. Spring, Bruce J. Ennis, Jr., Ann M. Kappler, Jodie L. Kelley, J. Paul Oetken, Susan R. Podolsky, Jenner & Block, Washington, DC, for Lawson Company.

## MEMORANDUM OF OPINION AND ORDER

NUGENT, District Judge.

This matter comes before the Court upon the Report and Recommendation of a Magistrate Judge of this Court submitted on January 2, 1996 (Document # 97). In his Report and Recommendation, the Magistrate Judge recommends that Defendant's second Motion for Summary Judgment be granted and that Defendant's first Motion for Summary Judgment be denied as moot. The Recommendation of the Magistrate Judge is ADOPTED IN PART and DENIED IN PART for the reasons set forth below.

### Procedural History

Plaintiff, Delores Stanley, filed this action against Defendant, her employer The Lawson Company, alleging religious and sex discrimination and sexual harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 1981a and 2000e and Ohio Rev.Code § 4112.02. Briefly, Plaintiff alleges that she was constructively discharged from her employment for her refusal to stock and sell adult magazines at the Dairy Mart store she managed for Defendant. Plaintiff complains that Defendant has discriminated against her due to her religion because she refused to sell the adult magazines because such action would violate her Christian principles. Further, Plaintiff complains that Defendant has discriminated against her on the basis of her sex by requiring her to sell adult magazines because Plaintiff believes that pornography victimizes women and the presence of pornography in the work place creates a hostile work environment and constitutes sexual harassment. The case was referred to Magistrate Judge Joseph W. Bartunek by an Order of Judge Frank J. Battisti entered on August 13, 1993.

Defendant filed its first Motion for Summary Judgment on January 14, 1994. In that Motion, Defendant argued that Plaintiff voluntarily resigned and was not discharged. The Magistrate Judge filed his Report and Recommendation on August 31, 1994, recommending that Defendant's Motion be denied because there was a disputed issue of material fact as to whether Plaintiff resigned or was constructively discharged. After issuing his Report and Recommendation, the Magistrate Judge returned the case to Judge Battisti.

On November 1, 1994, the case was transferred to Senior Circuit Judge Robert B. Krupansky. Defendant requested and received leave to file a second Motion for Summary Judgment. Defendant's second Motion for Summary Judgment was filed on January 27, 1995. In that Motion Defendant argued that the fact that Defendant stocks and sells adult magazines as part of its ongoing lawful business, and hires women to stock and sell adult magazines, does not create a hostile work environment in violation of Title VII of the Civil Rights Act of 1964 and the Ohio Civil Rights Act. Further, Defendant contends that Plaintiff failed as a matter of law to establish a claim of sexual discrimination and sexual harassment under the facts alleged. Finally, Defendant states Plaintiff has failed as a matter of law to establish a claim for religious discrimination.

By Order dated April 18, 1995, the case was referred back to Magistrate Judge Bartunek. The Magistrate Judge issued his Report and Recommendation on January 2, 1996, recommending that Defendant's second Motion for Summary Judgment be granted and that its first Motion for Summary Judgment be denied as moot.[1] Plaintiff filed her Objections to the Report and Recommenda-

---

1. The Magistrate Judge presumed that Plaintiff had been constructively discharged for the purpose of Defendant's second Motion for Summary Judgment.

tion and Defendant filed a Reply to Plaintiff's Objections. Plaintiff filed a Reply Brief to Defendant's Reply.

On March 1, 1996, the case was transferred to this Court. A status conference was held on May 2, 1996, at which counsel for both parties were present. Defendant was granted leave to file a sur-reply brief. Plaintiff requested and received permission to file a post argument brief and defendant requested and received permission to file a response to Plaintiff's post-argument brief. The Reports and Recommendations of the Magistrate Judge, the entire record and all of the filings, memoranda and affidavits of the parties are herein reviewed by this Court.

### Statement of Facts

The following factual summary is based on the parties' statements of facts. Those material facts which are controverted and supported by deposition testimony, affidavit or other evidence are stated in the light most favorable to Plaintiff, the non-moving party. Plaintiff alleges that she had been an employee of Defendant, The Lawson Company, a company which owns convenience stores in the Mid–West. Plaintiff was hired as a part-time sales clerk in June, 1981 and remained in that position until June, 1983, when she left her employment to have a baby. Plaintiff was re-employed by Defendant in October, 1984, and was promoted to assistant manager and then to manager of the Toronto, Ohio Dairy Mart store.

During her tenure at The Lawson Company, Plaintiff worked at stores that sold adult magazines of sexually oriented content. Plaintiff alleges that on three occasions male customers made sexual and lewd propositions to her while she was selling the adult magazines to them. Plaintiff informed her supervisor of the last incident which occurred in 1988. Her supervisor told her to call the police but Plaintiff declined. No further action was taken by Defendant. No further incidents occurred during Plaintiff's employment with Defendant.

Once Plaintiff became manager of the Toronto store, she stopped ordering adult magazines despite the fact that her store had been designated by Defendant as a store which would carry adult magazines. Plaintiff states that she stopped selling the magazines because it violated her religious beliefs and she believed that pornography victimized women. Plaintiff states that Defendant knew she had stopped selling adult magazines at the Toronto store, but did not reprimand her for that decision. Rather, Plaintiff claims that she was complimented on her good work and her rising store profits.

On December 9, 1991, Plaintiff appeared on a local television station discussing her decision not to sell adult magazines in her store because of her Christian principles. Plaintiff's regional supervisor met with Plaintiff after that broadcast and told her to sell the adult magazines in the Toronto store. Plaintiff refused and was suspended on December 13, 1991. Plaintiff met with her area supervisor and the regional supervisor on December 17, 1991. The area supervisor was instructed by the regional supervisor to fill out a personnel slip indicating that Plaintiff was resigning for refusal to sell a product authorized by the company. Plaintiff stated that she was not resigning, that the regional supervisor was firing her. Defendant sent a letter to Plaintiff on December 23, 1991, which offered Plaintiff two choices. She could return to the Toronto store and stock the product that the company authorized or, in the alternative, she could transfer to the Wellsville store, which did not carry adult magazines, as a reserve manager at her current base pay. The letter stated that Plaintiff must make her decision by December 30, 1991. Plaintiff now contends that a transfer to the Wellsville store would not solve her problem because reserve managers float to other stores where adult magazines are sold.

Plaintiff's attorney wrote to Defendant on December 26, 1991, demanding that Plaintiff be reinstated to her original managerial position. The letter also stated that Plaintiff could not sell pornography based on her religious beliefs and that forcing her to sell pornography created a sexually hostile work environment which violated Title VII of the Civil Rights Act of 1964. Defendant did not consider that to be the required response to its offer and concluded that Plaintiff declined its offer and had resigned.

## Standard of Review for Magistrate Judge's Report and Recommendation

■ The applicable district court standard of review for a magistrate judge's Report and Recommendation depends upon whether objections were made to that Report. When objections are made to a Report and Recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R.CIV.P. 72(b) provides this standard of review; it states, in pertinent part, the following:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Accordingly, this Court will review the Reports and Recommendation, to which timely objections have been filed, *de novo*. *See Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir.1993).

## Summary Judgment Standard

Summary judgment is appropriate where the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (citing FED. R.CIV.P. 56(c)). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion "in the light most favorable to the party opposing the motion." *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962), *see also U.S. v. Hodges X–Ray, Inc.*, 759 F.2d 557, 562 (6th Cir.1985).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir.1995) (citing *Celotex*, 477 U.S. at 322). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir.1995) (quoting *Anderson*, 477 U.S. at 248–49 (1986)). Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249–50 (citation omitted). In most civil cases involving summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id.* at 252. However, if the non-moving party faces a heightened burden of proof, such as clear and convincing evidence, it must show that it can produce evidence which, if believed, will meet the higher standard. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir.1989).

Once the moving party has satisfied its burden of proof, the burden then shifts to the non-mover. The non-moving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Department of Transportation*, 53 F.3d 146, 149 (6th Cir.1995). The text of FRCP 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his

pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a *genuine issue for trial.*

*Id.* The Federal Rules identify the penalty for the lack of such a response by the non-moving party as an automatic grant of summary judgment, where otherwise appropriate.

### Discussion

Plaintiff's Amended Complaint alleges 10 counts of state law violations and her Second Amended Complaint adds four counts of federal law violations. Her complaints allege the following claims: (1) religious discrimination in violation of Ohio Rev.Code § 4112 and Ohio Const. Art. I, § 7; (2) none; (3) violation of Dairy Mart policy; (4) allegation that she was treated differently than similarly situated employees at stores that do not sell adult magazines; (5) sexual discrimination, in violation of the Ohio Civil Rights Act; (6) maintenance of a hostile work environment, sexual discrimination and sexual harassment, in violation of the Ohio Civil Rights Act; (7) negligence; (8) willful, wanton, or reckless disregard of Stanley's civil rights; (9) violation of Ohio public policy, as articulated in Ohio Rev.Code § 4112 and 49 Ohio St.3d 228, 551 N.E.2d 981, (10) request for injunctive relief; (11) sexual discrimination and sexual harassment, in violation of Title VII; (12) religious discrimination in violation of Title VII; (13) violation of her right to reasonable accommodation of her religious beliefs, pursuant to Title VII; and (14) malice or reckless indifference to Plaintiff's federally protected civil rights.

### A. Sexual Harassment and Sex Discrimination Claims

The Magistrate Judge determined that Defendant's requirement that all of its employees stock and sell all of its products, including adult magazines, does not violate Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, or the Ohio Civil Rights Act, Ohio Rev.Code § 4112 because that job requirement was neither an harassing action nor an action aimed at

Plaintiff because of her sex and thus was insufficient to support a claim for sexual harassment. Moreover, if Title VII or the Ohio Civil Rights Act required Defendant to remove the adult magazines from its stores because an employee found them offensive, those laws would violate the First Amendment.

Further, the Magistrate Judge found that Defendant could not be held liable for actions of the customers because no harassment occurred after Defendant was put on notice that such harassment was occurring.

Finally, the Magistrate Judge determined Plaintiff failed to demonstrate any issues of material fact on the claim of sexual discrimination; and, that the facts alleged by Plaintiff do not support a claim of hostile work environment as a matter of law. The Magistrate Judge noted that if Defendant decided that women should not sell adult magazines because it is demeaning and degrading to them, that decision would violate Title VII because Defendant would have been differentiating the terms and conditions of employment based on gender. In this case all employees had to sell all legal products that Defendant sold.

■ In her Objections, Plaintiff effectively abandons any claims that Defendant's decision stock and sell adult magazines constitutes sexual discrimination or sexual harassment in violation of Title VII and the Ohio Civil Rights Act. Rather, Plaintiff concentrates on her sexual harassment/hostile work environment claim based on the three incidents involving sexual comments made by Defendant's customers and Defendant's failure to put opaque covers on the magazines.

After reviewing the Report and Recommendation and the memoranda, affidavits and depositions filed by the parties and analyzing the arguments and law cited therein, this Court agrees with the findings of the Magistrate Judge. Three isolated incidents over a period of nine years, especially when Defendant was only informed of the last incident, does not constitute sexual harassment in the form of hostile work environment.[2]

---

**2.** This is especially so when the customer com-

ments occurred more than 300 days before plain-

Title VII is violated when a person is required to work in a discriminatorily hostile or abusive environment. *Meritor Savings Bank v. Vinson,* 477 U.S. 57, 64, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986).[3] The Supreme Court noted that whether a work environment is "hostile" or "abusive" can be determined only by looking at all the circumstances including:

> ... the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.

*Harris v. Forklift Systems, Inc.,* 510 U.S. 17, 24, 114 S.Ct. 367, 126 L.Ed.2d 295, 302–303 (1993). The Court also reaffirmed that a: "mere utterance of an ... epithet which engenders offensive feelings in a employee," ... does not sufficiently affect the conditions of employment to implicate Title VII. Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment—an environment that a reasonable person would find hostile or abusive—is beyond Title VII's purview. Likewise, if the victim does not subjectively perceive the environment to be abusive, the conduct has not actually altered the conditions of the victim's employment, and there is no Title VII violation.

*Id.* at 22, 126 L.Ed.2d at 302. (internal citations omitted)

In this case, the three customer comments were widely separated in time, and while offensive, did not prompt Plaintiff to complain to her supervisors, at least in the first two instances. The Plaintiff did report the third comment to her supervisor, who told her to contact the police. Plaintiff declined to do so. This behavior strongly suggests that Plaintiff was not greatly affected by these incidents. Thus, objectively and subjectively, the three isolated comments did not create a hostile work environment as a matter of law.

Moreover, Defendant's failure to put opaque covers on the magazines did not create a hostile work environment. There is no evidence to suggest that such covers would have prevented the three customer comments as such covers are easily removable. Accordingly, the Plaintiff has not created any issues of material fact regarding her sexual discrimination claims under Title VII or the Ohio Civil Rights Act and Defendant's Motion for summary judgment will be granted on those claims.

### B. Religious Discrimination Claim

■ In order to withstand Defendant's Motion for Summary Judgment on her religious discrimination claim, Plaintiff must establish a prima facie case of discrimination as follows: (1) Plaintiff must show that she holds a sincere religious belief that conflicts with an employment requirement; (2) she has informed her employer of the conflict; and (3) she was discharged for failing to comply with the conflicting employment requirement. *Smith v. Pyro Mining Co.,* 827 F.2d 1081 (6th Cir.1987), *cert. denied,* 485 U.S. 989, 108 S.Ct. 1293, 99 L.Ed.2d 503 (1988).

Interpreting the facts most favorably toward Plaintiff, the non-moving party, she has established her prima facie case. Plaintiff has submitted the affidavit of her pastor

---

tiff filed her claim with the EEOC. In Ohio, a Title VII claimant must file her discrimination charge with the EEOC within 300 days of the alleged unlawful act, 42 U.S.C. § 2000e–5(e); *EEOC v. Penton Industrial Publishing Co., Inc.,* 851 F.2d 835 (6th Cir.1988), *Hall v. Ledex, Inc.,* 669 F.2d 397 (6th Cir.1982). Plaintiff alleges that she filed a complaint with the EEOC on January 23, 1992. Thus, the incidents on which she bases her claim must have occurred on or after March 30, 1991. All of the alleged customer comments occurred prior to March 30, 1991. All but the last customer incident occurred outside the statute of limitations for the Ohio Civil

Rights Act. *Cosgrove v. Williamsburg of Cincinnati Mgt. Co.,* 70 Ohio St.3d 281, 638 N.E.2d 991 (1994) (Section 2305.77 subject to six-year statute of limitations).

**3.** The Supreme Court of Ohio has held that "federal case law interpreting Title VII of the Civil Rights Act of 1964, Section 2000e et seq., Title 42, is generally applicable to cases involving alleged violations of OHIO REV.CODE ANN. § 4112." *Plumbers & Steamfitters Joint Apprenticeship Committee v. Ohio Civil Rights Comm.* (1981), 66 Ohio St.2d 192, 196, 421 N.E.2d 128.

regarding the first element and Defendant has not disputed that Plaintiff's religious beliefs are sincere. Further, the deposition testimony of Plaintiff's area supervisor confirms that Plaintiff informed her that she did not stock the magazines in her store because of her religious beliefs. Finally, for purposes of this motion, the Magistrate Judge has assumed that Plaintiff was constructively discharged for failing to stock the magazines as required by Defendant.

■ Once Plaintiff has established her prima facie case the burden shifts to Defendant to prove that it cannot reasonably accommodate the Plaintiff's religious beliefs without incurring undue hardship. *Smith,* 827 F.2d at 1085. A reasonable accommodation is one that eliminates the employee's conflict between his religious practices and work requirements. *Cooper v. Oak Rubber Co.,* 15 F.3d 1375, 1380 (6th Cir.1994). The reasonableness of the employer's attempt to accommodate is determined on a case-by-case basis. If the employer's efforts fail to eliminate the employee's religious conflict, the burden remains on the employer to establish that it is unable to reasonably accommodate the employee's beliefs without incurring undue hardship. *Id.*

■ The Magistrate Judge determined that Defendant had offered Plaintiff a reasonable accommodation which would resolve her conflict—transfer to the Wellsville store, where adult magazines were not sold, as a reserve manager. However, Plaintiff has raised a genuine issue of material fact regarding whether that accommodation actually resolves her conflict. Plaintiff has submitted several affidavits of former employees of Defendant, including the regional supervisor at the time of her termination, which state that the reserve manager position would require Plaintiff to move from store to store as needed, including to stores which stock and sell the adult magazines.

Since there is a genuine issue of material fact regarding whether Defendant's accommodation offer would eliminate Plaintiff's religious conflict, it is a decision for the factfinder in this case whether the Defendant's attempt to accommodate Plaintiff's religious beliefs was sufficient to eliminate this conflict

and that Defendant could not make other accommodations without incurring undue hardship. *Smith,* 827 F.2d at 1085. An employer must present evidence of undue hardship; it cannot rely merely on speculation. *Id.* at 1086. However, an employer is not required to bear more than a de minimis cost in order to accommodate an employee's religious beliefs. *Trans World Airlines, Inc. v. Hardison,* 432 U.S. 63, 84, 97 S.Ct. 2264, 53 L.Ed.2d 113 (1977). In defining how an employer may establish undue hardship the Sixth Circuit has noted:

> [A]n employer does not sustain his burden of proof merely by showing that an accommodation would be bothersome to administer or disruptive of the operating routine. In addition, we are somewhat skeptical of hypothetical hardships that an employer thinks might be caused by an accommodation that never has been put into practice. The employer is on stronger ground when he has attempted various methods of accommodation and can point to hardships that actually resulted.

*Smith,* 827 F.2d at 1085–86, *citing Draper v. United States Pipe & Foundry Co.,* 527 F.2d 515, 520 (6th Cir.1975). While Defendant asserts that any accommodation would cause it undue hardship, it offers no proof. Rather, it relies on its right to make business decisions regarding what it will stock and its First Amendment right to stock and sell adult magazines. Defendant is correct that it, and not its employees, has the right to decide what legal products it will stock and sell in its stores. Moreover, Defendant does not have to forego stocking and selling adult magazines because Plaintiff is offended by them. However, Defendant has not shown that it cannot accommodate Plaintiff's religious conflict in a way that will not cause it hardship. It has not offered any evidence why Plaintiff could not be transferred on a permanent basis to one of its many stores which does not sell the magazines. Defendant does not need to promise that Plaintiff will never be placed in a store that sells the magazines or that its product mix will not change over time. Accommodation is an ongoing process. *See EEOC v. Arlington Transit Mix, Inc.,* 957 F.2d 219, 222 (6th

Cir.1991). There are genuine issues of material fact as to whether accommodation would cause Defendant to incur undue hardship. Accordingly, Defendant's Motion for Summary Judgment must be denied as to Plaintiff's religious discrimination claim.

### Conclusion

The Report and Recommendation of the Magistrate Judge (Document # 97) is ADOPTED in part and Defendant's Motion for Summary Judgment (Document # 83) on Plaintiff's state and federal sexual discrimination and sexual harassment claims is GRANTED. The Report and Recommendation is NOT ADOPTED with respect to Plaintiff's religious discrimination claim as there are genuine issues of material fact regarding that claim. Accordingly, Defendant's Motion for Summary Judgment (Document # 83) as to Plaintiff's religious discrimination claim is DENIED.

In light of the Court's denial of Defendant's second Motion for Summary Judgment on Plaintiffs religious discrimination claim, the Magistrate Judge's first Report and Recommendation (Document # 74) determining that Defendant's first Motion for Summary Judgment (Document # 56) on the issue of constructive discharge should be denied because material issues of fact exist is ADOPTED. Accordingly, the second Report and Recommendation of the Magistrate Judge (Document # 97) is NOT ADOPTED insofar as it recommends that Defendant's first Motion for Summary Judgment be denied as moot. Defendant's first Motion for Summary Judgment (Document # 56) is DENIED because genuine issues of material fact exist about whether Plaintiff resigned or was constructively discharged.

Trial on Plaintiff's remaining religious discrimination claim will go forward as noted in the accompanying Judgment Entry.

IT IS SO ORDERED.