Elizabeth BIBBS, Plaintiff–Appellant,

v.

PARKRIDGE HOSPITAL, INC., d/b/a Columbia East Ridge Hospital, Defendant–Appellee.

No. 00–5192.

United States Court of Appeals, Sixth Circuit.

Feb. 6, 2001.

**244**

Before MERRITT and COLE, Circuit Judges; HOOD, District Judge.*

### ORDER

Elizabeth Bibbs, a Tennessee resident proceeding pro se, appeals a district court order dismissing her employment discrimination action filed pursuant to 42 U.S.C. §§ 1981, 1983, 1985, and 1986 and the Tennessee Human Rights Act, Tenn.Code Ann. §§ 4–21–101 and 4–21–401 (Lexis Law Publishing 1999). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On September 25, 1998, Bibbs filed a complaint against Parkridge Hospital, Incorporated, doing business as Columbia East Ridge Hospital, and several individual hospital employees. Bibbs, an African–American, alleged that she was employed by the hospital from March 20, 1989, until November 18, 1994, when her employment was terminated due to a reduction in force. Bibbs alleged, however, that her employment was terminated because of her race. Several months after her termination, in early 1995, Bibbs noticed a posting for a job opening at the hospital. Bibbs inquired about the open position and was told that she would have to reapply as a new employee and submit an application form. Bibbs asked the hospital administrator why she would have to apply as a new employee and was told that someone would get in touch with her. However, Bibbs was never contacted by anyone from the hospital with a response to her inquiry. Bibbs also noticed a newspaper advertisement for a job opening at the hospital in the latter part of 1995 and, upon inquiry, was told that she would have to reapply as a new employee and submit an application form. Although Bibbs did not submit an application form in order to be rehired by the hospital, she contended that she was not rehired because of her race. Bibbs sought monetary relief.

The individual defendants were dismissed from the action for insufficient service of process pursuant to Fed.R.Civ.P. 12(b)(5) by order entered on December 11, 1999. On December 10, 1999, the hospital filed a motion for summary judgment, to which Bibbs did not respond. The district court granted the hospital's motion and dismissed the case. Bibbs has filed a timely appeal.

We review the district court's grant of summary judgment de novo. *EEOC v. Northwest Airlines, Inc.,* 188 F.3d 695, 701 (6th Cir.1999). Summary judgment is appropriate when the evidence presented shows " 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Id.* (quoting Fed.R.Civ.P. 56(c)).

Upon review, we conclude that the district court properly dismissed Bibbs's complaint. Sections 1981, 1983, and 1985 do not contain statutes of limitation. Therefore, for all §§ 1981, 1983, and 1985 actions, federal courts apply the state personal injury statute of limitations. *Goodman v. Lukens Steel Co.,* 482 U.S. 656, 660–62, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987) (§ 1981); *Wilson v. Garcia,* 471 U.S. 261, 280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) (§ 1983); *Savage v. Unknown FBI Agents,* No. 97–3311, 1998 WL 69318, at *1 (6th Cir. Feb. 10, 1998) (unpublished

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

order) (§ 1985). The appropriate statute of limitations for personal injury actions arising in Tennessee and brought under the federal civil rights statutes is one year. Tenn.Code Ann. § 28–3–104(a)(3) (Lexis Law Publishing 1999); *Merriweather v. City of Memphis*, 107 F.3d 396, 398 (6th Cir.1997); *Jackson v. Richards Med. Co.*, 961 F.2d 575, 578 (6th Cir.1992). The statute of limitations for § 1986 actions is one year. 42 U.S.C. § 1986. Claims brought pursuant to the Tennessee Human Rights Act must be filed "within one (1) year after the alleged discriminatory practice ceases." Tenn.Code Ann. § 4–21–311(d) (Lexis Law Publishing 1999).

Bibbs's cause of action against the hospital accrued on November 18, 1994, when her employment was terminated, and in 1995, when she was allegedly not hired to fill a job opening at the hospital. Bibbs filed the instant civil rights complaint on September 25, 1998, well beyond the one-year statute of limitations. Therefore, Bibbs's claims against the hospital are time-barred by the applicable one-year statute of limitations. *See* Tenn.Code Ann. § 28–3–104(a)(3) (Lexis Law Publishing 1999); *Merriweather*, 107 F.3d at 398.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.