James Harris DYER, Jr., Plaintiff,

v.

Judge Gerald E. RADCLIFFE,
et al., Defendants.

No. C2–00–032.

United States District Court,
S.D. Ohio,
Eastern Division.

March 30, 2001.

**772**

Elizabeth Helen Doucet, Elizabeth H. Doucet & Associates, Columbus, OH, for Plaintiff.

James Harris Dyer, Chillicothe, OH, Pro se.

Ralph E. Burnham, Montgomery Rennie & Jonson, Elizabeth Ann McCord, Montgomery Rennie & Jonson, Cincinnati, OH, Scott Wayne Nusbaum, Nusbaum Ater & Wissler, Chillicothe, OH, for Defendants.

## OPINION AND ORDER

SARGUS, District Judge.

This matter is before the Court on Defendant Judge Radcliffe's Motion for Judgment on the Pleadings. (Doc. # 18). Also before the Court, is the Motion to Dismiss of Defendant Ross County Court of Common Pleas Probate and Juvenile Division ("Common Pleas Court"). (Doc. # 9). For the reasons that follow, the Court **GRANTS** the Defendants' Motions.

### I.

Plaintiff brings this action under 42 U.S.C. §§ 1981, 1983 and 2000e against his former employers, Judge Gerald E. Radcliffe ("Judge Radcliffe") and the Common Pleas Court, alleging that they discriminated against him on the basis of race when they refused to reclassify him from Referee to Magistrate. On August 9, 1993, Plaintiff, James Harris Dyer, Jr., an African–American, began working as a bailiff for the Common Pleas Court. (Complaint, ¶ 8). Dyer was hired by Defendant Judge Radcliffe. Shortly thereafter, Dyer was appointed by Judge Radcliffe to the position of Referee. (*Id.*, ¶¶ 10–11).

In July 1995, Referees within the Ohio juvenile justice system were effectively eliminated and replaced by Magistrates.[1]

---

1. This was accomplished by a revision to Rule 40 of Ohio Rules of Juvenile procedure passed by the Ohio Supreme Court. (Complaint, ¶¶ 15–16).

As a result, a white male Referee in Common Pleas Court was reclassified as a Magistrate while Dyer was told that he would remain a Referee. (*Id.,* ¶¶ 18–20). Dyer resigned from the position on August 17, 1995.[2] (*Id.,* ¶ 28). He asserts that he resigned because the Defendants' failure to reclassify him as a Magistrate left him in a position that no longer legally existed. (*Id.*).

Dyer filed a formal charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on February 7, 1996. (Doc. # 14, p. 2). In his charge, Dyer named the Common Pleas Court as the employer that discriminated against him in violation of Title VII. (Doc. # 14, Ex. B). Dyer also referred to the "Presiding Judge" in his description of the discrimination. (*Id.*). After the EEOC investigated the charge, it determined that the Common Pleas Court constructively discharged Dyer when it failed to reclassify him as a Magistrate. (Doc. # 19, Ex. D). Dyer was sent a Right to Sue notice dated October 12, 1999. (Doc. # 14, p. 3).

Dyer then filed this action against the Defendants alleging that they discriminated against him on the basis of race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981 and 42 U.S.C. § 1983. Defendant Judge Radcliffe moves, under Rule 12(c) of the Federal Rules of Civil Procedure, for judgment on the pleadings on all of Dyer's claims. Defendant Common Pleas Court moves to dismiss all of Dyer's claims under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

## II.

The standard for deciding a motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) is equivalent to the standard applied to motions to dismiss for failure to state a claim pursuant to Fed. R.Civ.P. 12(b)(6). *Jackson v. Heh,* 215 F.3d 1326, 1327 (6th Cir.2000). A motion to dismiss for failure to state a claim "should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). All well-pleaded allegations must be taken as true and construed most favorably toward the nonmovant. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Mayer v. Mylod,* 988 F.2d 635, 637 (6th Cir.1993). While a court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall,* 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987). Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

## III.

Dyer alleges that the Defendants discriminated against him on the basis of his race in violation of Title VII, 42 U.S.C. § 1981, and 42 U.S.C. § 1983. The Court

---

**2.** There is a potential inconsistency in the dates given in the Complaint for Dyer's resignation. The Complaint states both that Dyer resigned his Referee position on August 17, 1995 and that he remained in the Referee position until September 14, 1995. (Compare Doc. # 3, ¶ 28 with ¶ 29). In the current procedural posture, this inconsistency does not affect the outcome of the Motions before the Court.

shall address each claim and the Defendants' arguments pertaining to it in turn.

## A. The Title VII Claim.

Dyer asserts a claim under Title VII alleging that his former employers discriminated against him on the basis of race. Judge Radcliffe argues, among other things, that he cannot be personally liable under Title VII and that Dyer does not qualify as an employee under Title VII. (Doc. # 21, p. 3–4). Defendant Common Pleas Court moves to dismiss Dyer's Title VII claim arguing that Dyer is not an employee covered by the statute. (Doc. # 9, p. 2–3).

### 1. Covered Entities and Parties Within Title VII.

#### a. Employer.

■ Defendant Judge Radcliffe argues that pursuant to *Wathen v. General Elec. Co.*, 115 F.3d 400, 404–05 (6th Cir.1997), he cannot be personally liable under Title VII and therefore he is entitled to judgment on the pleadings. (Doc. # 21, p. 3). Dyer's Complaint, however, makes it clear that Dyer has sued Judge Radcliffe in his official capacity as Dyer's employer. (Doc. # 1 at ¶ 32). Although the Sixth Circuit held in *Wathen* that there is no Title VII liability for a supervisor in his or her individual capacity, a public official can be sued under Title VII in his or her official capacity as an employer. *Johnson v. University of Cincinnati*, 215 F.3d 561, 571 (6th Cir.2000). Therefore, *Wathen* is inapposite and Defendant Judge Radcliffe can be sued in his official capacity.

#### b. Covered Employees.

■ Defendant Common Pleas Court moves to dismiss Dyer's Title VII claim arguing that Dyer was not an "employee" as defined by Title VII because Dyer was a policy making appointee and, therefore, fits an exception to Title VII's definition of employee. (*Id.*, p. 2). Defendant Judge Radcliffe also adopts this argument. (Doc. # 21, p. 4).

Title VII defines "employee" as follows: The term "employee" means an individual employed by an employer, except that the term "employee" shall not include any person elected to public office in any State or political subdivision of any State by the qualified voters thereof, or any person chosen by such officer to be on such officer's personal staff, or an appointee on the policy making level or an immediate adviser with respect to the exercise of the constitutional or legal powers of the office. The exemption set forth in the preceding sentence shall not include employees subject to the civil service laws of a State government, governmental agency or political subdivision.

42 U.S.C. § 2000e(f). Thus, an employee does not include "an appointee on the policy making level . . . ." *Id.* However, policy making appointees that are "subject to the civil service laws of a State government . . ." are not exempt from Title VII coverage. *Id.*

Dyer was a Referee for Judge Radcliffe at the time of the alleged discrimination. Under Ohio law, "the juvenile judge may appoint . . . referees. . . ." O.R.C. § 2151.16. The Sixth Circuit has determined that "the referee effectively makes policy for, or suggests policy to the court on each occasion that he resolves a dispute in the court's name or recommends a disposition to the judge." *Mumford v. Basinski*, 105 F.3d 264, 272 (6th Cir.1997). In addition. Dyer's referee position, which can be described as one "directly responsible to [an] elected county official[ ] . . . and holding a fiduciary or administrative relationship to such elected county official[ ] . . . . [,]" is also exempt from the civil service laws. O.R.C. § 124.(A)(9). Because

Dyer's position was an appointee on the policy making level, and he is exempt from the civil service laws of Ohio, he is not an employee under Title VII. Thus, he is not qualified to bring a suit under Title VII against Common Pleas Court or Judge Radcliffe.[3]

■ Dyer argues in the alternative that if the Court determines that he was an appointee on the policy making level, his rights under Title VII remain secured by the Government Employee Rights Act of 1991 ("GERA"). 2 U.S.C. § 1201 et seq. GERA provides that all personnel actions affecting state employees shall be free from any discrimination based on race, color, religion, sex, national origin, age or disability. 2 U.S.C. § 1202. Under GERA, like Title VII, a plaintiff initiates a complaint with the EEOC alleging a violation of GERA which the EEOC investigates. 2 U.S.C. § 1220(b). Unlike Title VII, however, under GERA the EEOC then issues a "final order" in accordance with the procedures set forth in the Administrative Procedure Act, 5 U.S.C. §§ 554–57. 2 U.S.C. § 1220(b)(1). If the EEOC determines that a person was discriminated against based on race, color, religion, sex or disability, the appropriate relief includes such remedies as reinstatement, backpay, attorney's fees, or any other equitable relief deemed appropriate. 42 U.S.C. § 1202(b)(1). However, the plaintiff is not entitled to recover punitive damages under GERA. *Id.* at § 1202(b)(3). Once the EEOC has issued a final determination, the employer or employee may obtain a more limited form of judicial review than is available under Title VII. *Compare* 2 U.S.C. § 1220(c) *with* 42 U.S.C. § 2000(d)(2). Under GERA, a district court may set aside a final order issued by the EEOC if it determines that the order was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not consistent with the law; (2) not made consistent with required procedures; or (3) unsupported by substantial evidence." 2 U.S.C. § 1220(d).

■ In this case, the EEOC has not made any determinations required by GERA. Although the agency has issued a determination and a right to sue letter under Title VII, the EEOC has not issued a final order pursuant to the procedures set forth in GERA. The Court concludes that because its jurisdiction under GERA requires a "final order" by the EEOC, Dyer's GERA claim is not yet properly before the Court. *See Guy v. Illinois*, 958 F.Supp. 1300 (N.D.Ill.1997); *Stitz v. City of Eureka Springs, Arkansas*, 9 F.Supp.2d. 1046 (W.D.Ark.1998). Consequently, the Court **DISMISSES** Dyer's Title VII claim **WITHOUT PREJUDICE** to allow Dyer to refile his EEOC complaint to allege properly a GERA violation and to obtain the proper administrative relief under GERA. Further, this Court notes that because Dyer properly invoked the EEOC's jurisdiction in a timely fashion, and that the EEOC failed to determine that the charge should have been brought under GERA, principles of equity apply to toll the running of the statute of limitations on his GERA claim. *Brown v. Crowe*, 963 F.2d 895, 900 (6th Cir.1992) ("the errors of the administrative agencies should not be visited upon the plaintiff, who did all that he could have reasonably done to file a charge of discrimination an otherwise timely manner.") Consequently, provided that Dyer promptly files under GERA with the EEOC, it is this Court's

---

**3.** Judge Radcliffe did not raise this argument in support of his Motion. Nonetheless, the conclusion that Dyer does not qualify as an employee under Title VII applies equally to Dyer's claim against Judge Radcliffe as it does to Dyer's claim against the Common Pleas Court.

view that such complaint would not be barred as untimely.

## B. The §§ 1981 and 1983 Claims.

Dyer also alleges that his former employers discriminated against him on the basis of race in violation of 42 U.S.C. § 1981 and 42 U.S.C. § 1983.[4] The Common Pleas Court argues that with regard to the §§ 1981 and 1983 claims, it is immune from suit under the Eleventh Amendment of the Constitution.[5] (Doc. #17, p. 3). Judge Radcliffe argues that Dyer's §§ 1981 and 1983 claims fail because they are barred by the statute of limitations. (Doc. #18, p. 2). This Court agrees with both arguments and also concludes that Dyer's § 1983 claim is barred by his GERA claim.

### 1. Immunity.

 "The state of Ohio is insulated from litigation exposure in federal court by the Eleventh Amendment to the United States Constitution." *Mumford v. Basinski*, 105 F.3d 264, 270 (6th Cir.1997). The Sixth Circuit has held that the "Ohio common pleas court is not a segment of county government, but an arm of the state for purposes of section 1983 liability and Eleventh Amendment immunity analysis." *Id.* at 269. Therefore, because the Defendant Common Pleas Court is an arm of the state for § 1983 liability and Eleventh Amendment immunity, it is immune from liability on Dyer's § 1983 claim.

Eleventh Amendment jurisprudence with respect to a § 1981 claim tracks that of § 1983 claims. Thus, the Sixth Circuit has stated that "the Eleventh Amendment bars a § 1981 action against a state." *Freeman v. State of Michigan*, 808 F.2d 1174, 1179 (6th Cir.1987). Because the Sixth Circuit has determined that the "Ohio common pleas court is . . . an arm of the state for purposes of . . . Eleventh Amendment immunity analysis[,]" *Mumford*, 105 F.3d at 269, this Court concludes that an Ohio Court of Common Pleas is an arm of the state for § 1981 liability. Therefore, Defendant Common Pleas Court is immune from liability on Dyer's § 1981 claim.

 Although Defendant Judge Radcliffe does not assert immunity from § 1981 and § 1983 claims, he is also protected by the Eleventh Amendment. The Court raises Judge Radcliffe's Eleventh Amendment immunity *sua sponte* because it goes to the subject matter jurisdiction of this Court. The Sixth Circuit has determined that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is

---

4. Section 1981 provides in pertinent part that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property . . . ." 42 U.S.C. § 1981.

Section 1983 provides in pertinent part as follows:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress.

42 U.S.C. § 1983.

5. The Eleventh Amendment states:

"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state."

U.S. CONST. Amend. 11.

no different from a suit against the state itself." *Wolfel v. Morris*, 972 F.2d 712, 719 (6th Cir.1992). Although a suit for prospective injunctive relief against a state official in his or her official capacity is not subject to the Eleventh Amendment, "a suit for damages against a state official in his or her official capacity cannot be maintained pursuant to § 1983." *Id.* at 718; *see Edelman v. Jordan*, 415 U.S. 651, 663, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Quern v. Jordan*, 440 U.S. 332, 337, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). Likewise, suits brought under § 1981 for monetary damages against state officials in their official capacities are also barred by operation of the Eleventh Amendment. *Foulks v. Ohio Dept. of Rehab. & Corr.*, 713 F.2d 1229, 1233 (6th Cir.1983). Because Dyer has sued Judge Radcliffe in his official capacity seeking monetary relief, his § 1981 and § 1983 claims against Defendant Judge Radcliffe are barred by the Eleventh Amendment.

In sum, Dyers §§ 1981 and 1983 claims against the Common Pleas Court are barred by the Eleventh Amendment and are consequently **DISMISSED WITH PREJUDICE.** In addition, Dyer's §§ 1981 and 1983 claims against Judge Radcliffe in his official capacity are also **DISMISSED WITH PREJUDICE.**

#### 2. Preclusion of § 1983 Claim.

Even if the Defendants were not immune, the § 1983 claim is precluded by operation of Title VII. The Sixth Circuit has held that claims arising under Title VII must be brought under that statute and cannot be used to assert a claim under § 1983. The Sixth Circuit Court stated that "Title VII provides the exclusive remedy when the only § 1983 cause of action is based on a violation of Title VII . . . ." *Day v. Wayne Co. Bd. of Auditors*, 749 F.2d 1199, 1204 (6th Cir.1984). To hold otherwise would bypass the mandatory administrative procedures created by Title VII in the event that a plaintiff were permitted to file a § 1983 claim. *Id.* Therefore, a § 1983 claim such as Dyer's, based on a discriminatory failure to promote, is barred. As stated above, Dyer's claim is effectively a GERA claim. Nonetheless, this Court concludes that because GERA provides substantially similar, mandatory administrative procedures which could be bypassed if a § 1983 claim were allowed to proceed, GERA erects the same bar to § 1983 claims that Title VII erects. Therefore, Dyer's claim arising under GERA bars his § 1983 claim and that Dyer's § 1983 claim is **DISMISSED WITH PREJUDICE.**

While the Sixth Circuit has determined that § 1983 claims are barred by Title VII, the Supreme Court has ruled that the operation of Title VII does not preclude recovery under § 1981. *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 465–66, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). Hence, GERA does not bar Dyer's § 1981 claim.

#### 3. Statute of Limitations.

Judge Radcliffe also moves for Judgment on the Pleadings for Dyer's §§ 1981 and 1983 claims arguing that they are barred by the statute of limitations. (Doc. # 18, p. 2). Judge Radcliffe contends both that Dyer filed the instant action five years after his resignation, and well past the applicable two year statute of limitations. Judge Radcliffe also asserts that there is no basis to toll the running of the statute of limitations. (Doc. # 18, p. 2–3). Dyer asserts that the statute of limitations should be tolled for the period during which his EEOC charge was pending or in the alternative that his claims are not time-barred because the continuing violation doctrine applies.

Actions under §§ 1981 and 1983 that arise in Ohio are subject to

Ohio's two year statute of limitations for personal injuries. *Browning v. Pendleton,* 869 F.2d 989, 992 (6th Cir.1989) (en banc) (§ 1983); *Crawford v. Broadview Savings and Loan Co.,* 1989 WL 74525, *3, 878 F.2d 1436 (6th Cir. July 10, 1989) (citing *Demery v. Youngstown,* 818 F.2d 1257, 1257 (6th Cir.1987)) (§ 1981).

█ Although Dyer suggests that his cause of action accrued when he received notice from the EEOC that the conciliation efforts had failed, (Doc. # 19, p. 10), a civil rights action arising from an employment discharge accrues no later than the discharge. *See Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 462, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975) (a 1981 action for employment discrimination accrued, if at all, not later than the date of the discharge.); *see also, e.g., Bibbs v. Parkridge Hosp. Inc.,* 2001 WL 131450, 4 Fed.Appx. 243 (6th Cir.2001). Because Dyer's cause of action accrued in 1995, when he was allegedly constructively discharged, and he did not file this action until 2000, Dyer's §§ 1981 and 1983 claims are untimely unless they are saved by equitable tolling or the continuing violation doctrine.

### a. The Tolling of the §§ 1981 and 1983 Claims.

█ The Supreme Court has held that while the remedies for Title VII and § 1981 claims are related, the actions are still distinct. *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 461, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). Therefore, the timely filing of a discrimination charge with the EEOC does not toll the running of the limitation period applicable to Dyer's § 1981 claim based on the same facts. *Id.* While the statute of limitation for a § 1981 claim is not tolled by filing with the EEOC, the plaintiff is not required to maintain two separate actions concurrently. *Id.* at 465, 95 S.Ct. 1716. Once the plaintiff has filed his § 1981 suit,

he "may ask the court to stay proceedings until the administrative efforts at conciliation and voluntary compliance have been completed." *Id.* The Court sees no reason why this same reasoning does not apply to prevent the filing of a Title VII charge from tolling the statute of limitations for a § 1983 claim. Thus, Dyer's claims under §§ 1981 and 1983 are not saved by the principles of tolling.

### b. The Continuing Violation.

█ Although the filing of his Title VII complaint does not toll the statute of limitations for Dyer's §§ 1981 and 1983 claims, his claims can be saved if the continuing violation doctrine is applicable. Dyer asserts in his Memorandum in Opposition to Judge Radcliffe's Motion that the continuing violation doctrine applies because Dyer continuously sought reemployment as a Magistrate with the Common Pleas Court throughout the EEOC proceeding. (Doc. # 19, p. 9). Defendant Judge Radcliffe argues that Dyer did not plead a continuing violation; therefore, he is precluded from asserting that doctrine.

█ The Sixth Circuit has described two categories of claims that constitute a continuing violation. *Dixon v. Anderson,* 928 F.2d 212, 216 (6th Cir.1991). The first category involves circumstances presenting " 'some evidence of present discriminatory activity giving rise to a claim of a continuing violation; that is, where an employer continues presently to impose disparate work assignments or pay rates between similarly situated employee groups.' " *Id.* (quoting *E.E.O.C. v. Penton Indus. Pub. Co., Inc.,* 851 F.2d 835, 838 (6th Cir.1988)). This category requires a "current" in addition to a "continuing" violation, and at least one of the discriminatory acts must have occurred within the relevant limitations period. *Id.* (citing *Hall v. Ledex, Inc.,* 669 F.2d 397, 398 (6th

Cir.1982)). The court concluded that limitations periods are triggered in response to the discriminatory acts themselves, not in response to the continuing effects of past discriminatory acts. *Id.* (citing *Delaware State College v. Ricks,* 449 U.S. 250, 258, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980)). "The rationale underlying this category is that the employer commits an illegal act, such as giving unequal pay for equal work, each time the employer dispenses the unequal pay." *LRL Properties, et al., v. Portage Metro Housing,* 55 F.3d 1097, 1105–06 (6th Cir.1995) (citing *Hall v. Ledex,* 669 F.2d at 398).

"The second category of 'continuing violation' arises where there has occurred a 'longstanding and demonstrable policy of discrimination.'" *Dixon,* 928 F.2d at 217 (quoting *Penton,* 851 F.2d at 838). The Sixth Circuit held that, in order for this category to be invoked, a continuing "over-arching policy of discrimination" must exist. *Id.* (quoting *Janikowski v. Bendix Corp.,* 823 F.2d 945, 948 (6th Cir. 1987)). The plaintiff must provide some evidence that there was intentional discrimination against a protected class as part of its "standard operating procedure." *Penton,* 851 F.2d at 838. In order to show a "longstanding" policy, the "appellant must demonstrate something more than the existence of discriminatory treatment in his case." *Haithcock v. Frank,* 958 F.2d 671, 679 (6th Cir.1992).

Although Dyer did not expressly plead in his Complaint that the continuing violation doctrine applies, this omission does not undermine his effort to assert the doctrine now. However, because Dyer failed to allege sufficient facts to support the application of the doctrine, the Court concludes that it does not apply to save his claims. Specifically, there is no support in Dyer's Complaint that his former employer had a longstanding policy of employment discrimination. (Doc. # 19, p. 9–10). The Complaint states that the "Probate and Juvenile Divisions has not employed any African–Americans since defendants constructively discharged plaintiff."[6] (Doc. # 3, ¶ 50). The Complaint also states that "Judge Gerald E. Radcliffe also told plaintiff that the racially hostile work environment would continue because the other employees would not change their behavior." (*Id.* at ¶ 38). The Court concludes that these allegations standing alone do not support a finding that either form of continuing violation has occurred. Consequently, Dyer's §§ 1981 and 1983 claims are time-barred and these claims are **DISMISSED WITH PREJUDICE.**

### IV.

In sum, the Court concludes that because Dyer is not covered under Title VII and his GERA claim is not properly before the Court, the Title VII claim is **DISMISSED WITHOUT PREJUDICE** to refile his EEOC complaint to properly allege a GERA violation and to obtain the proper administrative relief under GERA.

The Court also concludes that Dyer's §§ 1981 and 1983 claims should be dismissed for three reasons. First, these claims as brought against the Common Pleas Court and Judge Radcliffe, in his official capacity, are barred by the Eleventh Amendment. Second, Dyer's § 1983 claim against the Common Pleas Court and Judge Radcliffe, in any capacity, is barred by Dyer's GERA claim. Third,

---

**6.** To establish from this allegation that a continuing violation is occurring, the Plaintiff would have to allege additional facts including: how many persons applied for positions, how many of those persons were African American, how many jobs were available during the relevant time period, who was hired for those positions and what were their relative qualifications for the positions.

Dyer's §§ 1981 and 1983 claims against both Defendants are barred by the statute of limitations. Consequently, Dyer's § 1983 claim is **DISMISSED WITH PREJUDICE.** Dyer's § 1981 claim is **DISMISSED WITH PREJUDICE** as to the Common Pleas Court and Judge Radcliffe in his official capacity.

**IT IS SO ORDERED.**